SEALED

**UNSEALED 4/21/2026**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

CORPUS CHRISTI DIVISION

United States Courts
Southern District of Texas
FILED

APR 08 2026

Nathan Ochsner, Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | CRIMINAL NUMBER C 26 - 178 |
| MAYRA COLLINS<br> AKA MYRA COLLINS<br> AKA MAYRA LARA COLLINS | § § § § | Filed Under Seal |

INDICTMENT

THE GRAND JURY CHARGES THAT:

COUNT ONE
(Impersonation of United States Employee, 18 U.S.C. § 912)

1.      On or about January 1, 2022, through on or about September 27, 2022, in the

Southern District of Texas and within the jurisdiction of the Court, Defendant,

MAYRA COLLINS
AKA MYRA COLLINS
AKA MAYRA LARA COLLINS,

knowingly and willfully did falsely assume and pretend to be an officer and employee acting

under the authority of the United States and a department, agency, and officer thereof, that is,

a United States Immigration Officer, and who in such pretended character demanded and

obtained money; to wit, the Defendant posed as an Immigration Officer, falsely represented

that she had influence to expedite the process for obtaining United States Visas, and received

currency from F.M., J.M.G, and A.M.J. to obtain United States Visas for themselves or others.

In violation of Title 18, United States Code, Section 912.

## COUNT TWO
(Impersonation of United States Employee, 18 U.S.C. § 912)

2.      On or about April 1, 2022, through on or about September 27, 2022, in the Southern District of Texas and within the jurisdiction of the Court, Defendant,

MAYRA COLLINS
AKA MYRA COLLINS
AKA MAYRA LARA COLLINS,

knowingly and willfully did falsely assume and pretend to be an officer and employee acting under the authority of the United States and a department, agency, and officer thereof, that is, a Border Patrol Agent, and who in such pretended character demanded and obtained money; to wit, the Defendant posed a Border Patrol Agent, falsely represented that she had influence to expedite the process for obtaining United States Visas, and received currency from L.L.C. to obtain a United States Visa.

In violation of Title 18, United States Code, Section 912.

## COUNT THREE
(Impersonation of United States Employee, 18 U.S.C. § 912)

3.      On or about October 24, 2025, through on or about October 30, 2025, in the Southern District of Texas and within the jurisdiction of the Court, Defendant,

MAYRA COLLINS
AKA MYRA COLLINS
AKA MAYRA LARA COLLINS,

knowingly and willfully did falsely assume and pretend to be an officer and employee acting under the authority of the United States and a department, agency, and officer thereof, that is, a Border Patrol Agent, and who in such pretended character demanded and obtained money; to wit, the Defendant posed as a Border Patrol Agent, falsely represented to C.F. that Defendant was with Border Patrol management and had influence over hiring of Border Patrol employees,

falsely represented that C.F. would be hired by Border Patrol upon C.F. paying for uniforms and a ballistic vest, and received $440.00 from C.F. for uniforms and a ballistic vest.

In violation of Title 18, United States Code, Section 912.

## COUNTS FOUR THROUGH FIVE
(Wire Fraud, 18 U.S.C. § 1343)

A. INTRODUCTION

AT ALL TIMES MATERIAL HEREIN:

4. "Zelle," operated out of Scottsdale, Arizona, was a digital payment network and part of a private financial services company working with financial institutions across the United States, including Rally Credit Union, formerly known as NavyArmy Community Credit Union, and First National Bank Texas. Zelle allowed an individual to electronically transfer money from his or her bank account to another registered user's bank account, held within the United States, by using a mobile device or the website of a participating banking institution.

5. C.F. banked with Rally Credit Union and the defendant banked with First National Bank Texas. Both Rally Credit Union and First National Bank Texas were financial institutions of the Federal Deposit Insurance Act, within the meaning of 18 U.S.C. § 20.

6. At all relevant times, Rally Credit Union and First National Bank Texas were financial institutions which engaged in, and the activities of which affected, interstate commerce, as defined in 31 U.S.C. § 5312(a)(2).

B. THE SCHEME AND ARTIFICE

7. From on or about October 24, 2025, and continuing until, on or about October 30, 2025, in the Corpus Christi Division of the Southern District of Texas and elsewhere within the jurisdiction of the Court, the defendant,

MAYRA COLLINS
AKA MYRA COLLINS
AKA MAYRA LARA COLLINS,

did knowingly execute and attempt to execute a scheme and artifice to defraud and to obtain money by means of materially false and fraudulent pretenses, representations, and promises.

C. THE METHOD AND MEANS OF THE SCHEME AND ARTIFICE

8. The scheme and artifice consisted of a plan by the defendant to represent herself as a Border Patrol Agent, with control over hiring practices and who worked closely with Border Patrol management, to obtain money from C.F. who wished to be hired as a Border Patrol employee.

9. It was part of the scheme and artifice that the defendant did send text messages to C.F. representing that there were job positions open with Border Patrol but noting that C.F. would have to send payment for uniforms and a ballistic vest prior to being hired by Border Patrol.

10. It was part of the scheme and artifice to defraud that the defendant would and did fraudulently obtain $440.00 from C.F., split into two payments of $190.00 for uniforms and $250.00 for a ballistic vest, transferred to the defendant's First National Bank Texas bank account from the Rally Credit Union bank account of C.F. by means of Zelle, for the purpose of securing uniforms and ballistic vest.

D. EXECUTION OF THE SCHEME AND ARTIFICE

11. On or about the following dates, in the Southern District of Texas and elsewhere, the defendant,

MAYRA COLLINS
AKA MYRA COLLINS
AKA MAYRA LARA COLLINS,

for the purposes of executing the aforesaid scheme and artifice to defraud and intending to do so, and for obtaining money by means of materially false and fraudulent pretenses, representations, and promises, did knowingly transmit and cause to be transmitted by means of wire, radio, and television communication in interstate commerce, writings, signs, signals, pictures and sounds, namely by sending fraudulent information to C.F. by means of text message, solicitations for payment to C.F. by means of text message, and receiving electronic payments from C.F. by means of the internet, as set forth below:

| COUNT | DATE (On or About) | TRANSACTION |
|---|---|---|
| FOUR | October 27, 2025 | The defendant caused C.F. to transmit a wire communication in interstate commerce, being an electronic payment via Zelle to the defendant in the amount of $190.00 for a uniform from C.F.'s Rally Credit Union bank account to the Defendant's First National Bank Texas bank account. |
| FIVE | October 28, 2025 | The defendant caused C.F. to transmit a wire communication in interstate commerce, being an electronic payment via Zelle to the defendant in the amount of $250.00 for the ballistic vest from C.F.'s Rally Credit Union bank account to the Defendant's First National Bank Texas bank account. |

All in violation of Title 18, United States Code, Section 1343.

A TRUE BILL:

A TRUE BILL:
ORIGINAL SIGNATURE ON FILE
FOREPERSON OF THE GRAND JURY

JOHN G.E. MARCK
ACTING UNITED STATES ATTORNEY

By: _____
ZACHARY BIRD
Assistant United States Attorney